896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl BERGGREN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1320.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Berggren appeals the judgment of the District Court which held the Secretary's denial of disability insurance benefits supported by substantial evidence. The Administrative Law Judge (ALJ) found that although petitioner had severe impairments consisting of status post cardiac bypass surgery with circulatory difficulty and depression, he did not have an impairment or combination of impairments that met or equaled the criteria of the Listing of Impairments. See 20 C.F.R. Pt. 404, Subpart P, App. 1, Sec. 12.00. Further, he found that although Berggren had a severe affective disorder, it did not have the required level of severity to meet the requirements of Listing 12.04 (Affective Disorders). See, supra, at Sec. 12.04. The ALJ found that plaintiff had the residual functional capacity to perform the requirements of work except for prolonged walking or standing, or lifting over 10 pounds frequently, and that his nonexertional limitation did not significantly interfere with his ability to perform sedentary work. Based on a a vocational expert's testimony, he found Berggren could perform a significant number of jobs that existed in the national economy and was not disabled.
 
 
 2
 On appeal plaintiff argues that the Secretary's evaluation of plaintiff's mental impairment was not supported by substantial evidence. He claims that his depression meets the criteria of Listing 12.04 or at least significantly compromised his ability to perform a full range of sedentary work. He asserts that the Secretary failed to give appropriate weight to the opinion of treating physicians, especially Dr. Kelly.
 
 
 3
 The Secretary found that although Berggren's mental condition met the requirements of subsection A of Listing 12.04, it failed to meet the requirements of subsection B, which requires that the depressive syndrome result in at least two of the following:
 
 
 4
 1. Marked restriction of activities of daily living; or
 
 
 5
 2. Marked difficulties in maintaining social functioning; or
 
 
 6
 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
 
 
 7
 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).
 
 
 8
 20 C.F.R. Pt. 404, Subpart P, App. 1, Sec. 12.04(B).
 
 
 9
 The ALJ concluded that Berggren's depression resulted in only slight restriction of daily living and social functioning. The record supports that finding. He performed housework, cooked, did the laundry, shopped for groceries and occasionally visited friends. He also took care of his personal needs. Dr. Donk, a treating psychologist, assessed his level of functioning as good. At the time of his discharge from the hospital in January 1987, he was considered to have no restrictions in living situations. A Dr. Dunn also noted that plaintiff related well to him and his staff and his affect and responses were appropriate. Although Berggren complained about memory problems, both Drs. Donk and Dunn reported that in testing, his memory was intact and good. Although plaintiff claimed that he was withdrawn, he did not testify as to any episodes of withdrawal from a work-like setting. There was no showing that he was unable to timely complete tasks commonly found in a work-like setting.
 
 
 10
 Plaintiff complains that Dr. Kelly's opinion that plaintiff was disabled as a result of depression was not given appropriate weight and should have been accepted. As the Secretary points out, Dr. Kelly did not support this conclusion with either clinical or laboratory diagnostic techniques. The Secretary found that the opinion was contrary to the findings of other doctors and indeed not supported by Dr. Kelly's own records. Dr. Kelly found that Berggren's neurological tests were negative or normal. He concluded that Berggren suffered from depression and anxiety. Although his reports showed that Berggren was alert, oriented, and articulate, and that he had no difficulty comprehending questions, Dr. Kelly concluded he couldn't work. The Secretary was entitled to reject the conclusion of disability. Dr. Kelly was not a psychiatrist and his opinion did not appear to find support in his clinical observations. Moreover, the reports of psychiatrists and a treating psychologist indicate that despite his depression, he was functioning fairly well.
 
 
 11
 Plaintiff also asserts that it is unclear that the ALJ considered all his impairments since he did not refer to the consequences of his sleep problems. It is clear that in the discussion of the evidence the ALJ referred to plaintiff's testimony of insomnia. As the government points out, the ALJ always referred to Berggren's mental impairments in the plural and spoke of impairments in combination. We believe that the record is sufficient to conclude that the ALJ considered the sleep problem in concluding plaintiff did not meet the listed impairment.
 
 
 12
 Finally, Berggren argues that the evidence did not support the ALJ's conclusion that there were a significant number of jobs that accommodated plaintiff's limitations. We disagree. The vocational expert's testimony established that Mr. Berggren's skills were transferable. The hypothetical questions were adequately framed to conform to the ALJ's finding regarding plaintiff's disability.
 
 
 13
 We agree with the District Court that the Secretary's finding that plaintiff was not disabled is supported by substantial evidence. The judgment of the District Court is AFFIRMED.
 
 
 14
 GEORGE CLIFTON EDWARDS, Jr., dissenting.
 
 
 15
 I must disagree with the majority's decision to affirm the denial of benefits here. The record in this case shows that appellant Berggren suffered from dizzy spells and lightheadedness, which occurred five to eight times a day, with an average duration of about five minutes. Berggren continued working until 1959, when he had an apparent cerebral vascular accident, confirmed by angiogram.
 
 
 16
 In 1980, Berggren was admitted to the Muskegon General Hospital with complaints of severe chest pain. He was confined to the coronary care unit until November 1980, when he was discharged with a diagnosis of angina pectoris and history of cerebral vascular accident.
 
 
 17
 Mr. Berggren testified that when he did go to work, he became easily and frequently confused, and made mistakes during the last year that he worked. Berggren further testified that his memory was poor, and that he had difficulty keeping his concentration.
 
 
 18
 In sum, the record contains substantial evidence of Mr. Berggren's impairment and of marked restriction and difficulties in his daily life and social functioning.
 
 
 19
 For the foregoing reasons, I would reverse and remand this case to the district court for a determination of benefits.